IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEENAN MCMILLEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-192J |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 9 |
| JOHN WETZEL and THE PENNSYLVANIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff Keenan McMillen ("Plaintiff"), an inmate at State Correctional Institution at Houtzdale ("SCI-Houtzdale"), has presented a civil rights complaint for which he has been granted leave to prosecute *in forma pauperis*. ECF Nos. 4 and 5. Presently before the Court is Plaintiff's Motion in Objection to the Form of Deductions to Satisfy the Filing Fee. ECF No. 9. For the reasons that follow, the Motion is denied.

Plaintiff initiated this action by filing a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), along with a proposed complaint, on September 23, 2020. ECF No. 1. After the Court entered a Deficiency Order, Plaintiff filed a renewed IFP Motion on November 5, 2020. ECF Nos. 2 and 3. In support of his motion, Plaintiff signed a form authorizing the custodian of his inmate to withdraw funds upon Court order, as follows:

(1) withdraw from my account and pay to the Clerk, United States District Court for the Western District of Pennsylvania, the initial partial filing fee (20%) of the greater of the average monthly deposits to my account for the past six months, or the average monthly balance in my account for the past six months) and

(2) if there remains any unpaid fee due and owing to the court, thereafter to set aside and accrue/freeze on a monthly basis twenty percent (20%) of the preceding month's deposits credited to my account and

>   (3) each time the amount in my account exceeds $10.00 to forward to the Clerk the amounts accrued/frozen until the filing fee in the amount of $350 has been paid in full.

ECF No. 3-1.

The Court granted Plaintiff's IFP Motion and directed the Clerk of Court to file Plaintiff's Complaint on December 9, 2020. ECF No. 4. Consistent with Plaintiff's authorization regarding fees, the Court ordered as follows:

> IT IS HEREBY ORDERED that as soon as funds are available in the inmate's prison account, the Superintendent/Warden shall submit an initial partial payment of twenty percent (20%) of the greater of:
>
>   (1) the average monthly deposits to the inmate's account for the past six months, or
>
>   (2) the average monthly balance in the inmate's prison account for the past six months.
>
> The remittance must be accompanied by a statement of the calculations used to arrive at the amount, a copy of which the Superintendent/Warden shall furnish to the inmate. After the initial payment, if there remains any unpaid fee due and owing the Court, the Superintendent/Warden in any institution where the inmate is incarcerated is required by law to set aside and remit on a monthly basis twenty percent (20%) of the preceding month's deposits credited to the prisoner's account until the $350.00 filing fee has been paid in full. Each time a deposit is made to the inmate's account, the Superintendent/Warden shall set aside the deposit immediately before any disbursement is made by the inmate, until an amount equal to twenty percent (20%) of the previous month's deposits is obtained. When the twenty percent (20%) amount is obtained, and the amount in the account exceeds ten dollars, it shall be transmitted in one monthly payment to the Clerk of Court.

Id. at 1-2.

In the instant Motion, Plaintiff objects to how funds are withdrawn from his inmate account to pay his filing fee. ECF No. 9. Plaintiff argues that it is a hardship to pay twenty percent of the funds in his account during the COVID-19 pandemic, given that he must also purchase vitamins, medical supplies, food, and additional hygiene products from the commissary because of the

pandemic.  Id. ¶¶ 2-4.  He requests that the funds only be withdrawn from his employment pay, and that no funds he receives from outside the institution be used to pay his filing fee.

Although the Court appreciates Plaintiff's situation, upon review, the Motion is denied. Under 28 U.S.C. § 1915(b)(1), if a prisoner brings a civil action *in forma pauperis*, he is required to pay the full amount of the filing fee.  The statute directs that available funds be collected as follows:

> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1)-(2).

Here, the Court's Order directing the manner in which funds should be deducted from Plaintiff's inmate account is consistent with 28 U.S.C. § 1915(b)(1)-(2).  While Plaintiff now objects to the manner in which funds are collected, the Order is also consistent with his prior authorization filed in support of his IFP Motion.  Because Plaintiff chose to pursue this action, he is responsible for paying the requisite filing fee as directed.

Accordingly, the following Order is entered:

AND NOW, this 9th day of February 2021, IT IS HEREBY ORDERED that Plaintiff's Motion in Objection to the Form of Deductions to Satisfy the Filing Fee, ECF No. 9, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of

the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Keenan McMillen
NN-1524
SCI-Houtzdale
Box 1000
Houtzdale, PA 16698

All counsel of record via CM/ECF.