IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEENAN MCMILLEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-192J |
| ) | District Judge Stephanie L. Haines |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| JOHN WETZEL and THE PENNSYLVANIA ) | Re: ECF No. 20 |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

Plaintiff Keenan McMillen ("Plaintiff"), an inmate presently incarcerated at State Correctional Institution at Houtzdale ("SCI-Houtzdale"), filed this *pro se* action under 42 U.S.C. § 1983 arising out of allegations that prison officials failed to properly treat his substance use disorder, in violation of the Eighth and Fourteenth Amendments and the Americans with Disabilities Act ("ADA"). ECF No. 5.

Presently before the Court is a Motion to Dismiss filed by Defendants John Wetzel ("Wetzel") and the Pennsylvania Department of Corrections ("DOC") (collectively, "Defendants"). ECF No. 20. For the reasons below, it is respectfully recommended that the Motion to Dismiss be granted in part and denied in part.

II.  **REPORT**

A.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this lawsuit on September 23, 2020 by filing a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), together with a proposed Complaint. ECF No. 1. After

Plaintiff cured certain deficiencies, the Court granted Plaintiff's IFP Motion on December 9, 2020, and his Complaint was filed on the same date. ECF Nos. 4 and 5.

In his Complaint, Plaintiff alleges that he was diagnosed with substance use disorder, and that Defendants have failed to properly treat his disorder. Id. ¶ 6. In particular, Plaintiff asserts that Defendants have refused to provide him with medication-assisted treatment ("MAT") or to permit him to be seen by a substance use disorder specialist, even though the DOC provides these services to inmates incarcerated after June 2019, and the medication Vivitrol is available to inmates nearing release. Id. ¶¶ 6, 8. Plaintiff also cannot access group sessions, such as Narcotics Anonymous, as a result of COVID-19. Id. ¶ 8. Instead, he has only been offered "talk therapy," which does not work for him. Id. As a result, Plaintiff suffers symptoms of his disorder. Id. ¶ 9.

Based on these allegations, Plaintiff claims that Defendants violated his Eighth and Fourteenth Amendment rights, Article I § 13 of the Pennsylvania Constitution, and Title II of the ADA, 42 U.S.C. § 12101, *et seq*. Id. ¶ 10. He asserts all claims against the DOC and Wetzel, in his official capacity. Id. ¶¶ 4-5.

As relief, Plaintiff requests a declaration that his rights have been violated; injunctive relief ordering Defendants to allow Plaintiff "to be treated as others similarly situated for his similar disorder"; his costs for bringing this suit; and any other relief deemed to be proper.[1] Id. ¶¶ 19-26.

Defendants filed the instant Motion to Dismiss and Brief in Support on March 12, 2021. ECF Nos. 20 and 21. Plaintiff filed a Response in Opposition on March 30, 2021.[2] ECF No. 25.

---

[1] Plaintiff also incorporates specific requests relative to the prosecution of his case, including requests that he be provided with a medical expert and jury trial.

[2] In the conclusion to his Response, Plaintiff requests that he be appointed counsel. ECF No. 25 at 9. Plaintiff is advised that he must file a separate motion if he intends to seek this relief.

Defendants filed a Reply Brief. ECF No. 29. Plaintiff then filed another Response to the Motion to Dismiss, which the Court construes as a sur-reply.[3] ECF No. 32.

The Motion to Dismiss is now ripe for consideration.

### B. LEGAL STANDARD

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive

---

[3] Under Section II(B)(3) of the Practices and Procedures of Magistrate Judge Maureen P. Kelly, parties may not file sur-replies to dispositive motions without leave of Court. Plaintiff did not request leave of Court to file his sur-reply.

3

of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Because Plaintiff is proceeding *pro se*, the Court will liberally construe his Complaint and employ less stringent standards than when judging the work product of an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### C. DISCUSSION

#### 1. Claims under 42 U.S.C. § 1983

##### a. Claims against the DOC

Plaintiff asserts claims under the Eighth and Fourteenth Amendments against the DOC and Wetzel, in his official capacity, under 42 U.S.C. § 1983. In support of the Motion to Dismiss, Defendants argue that these claims should be dismissed as to the DOC because it is not a "person" that can be sued under § 1983 and is entitled to Eleventh Amendment immunity. ECF No. 21 at 4. Plaintiff does not specifically respond to these arguments. ECF Nos. 29 and 32.

Section 1983 provides a private cause of action for violations of federal constitutional rights. The statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Upon review, Plaintiff's Eighth and Fourteenth Amendment claims against the DOC should be dismissed. Only "persons" can be sued under § 1983. See id. The United States Court

of Appeals for the Third Circuit has held that the DOC cannot be sued under § 1983 because "it is not a 'person' within the meaning of 42 U.S.C. § 1983." Adams v. Hunsberger, 262 F. App'x 478, 481 (3d Cir. 2008); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a State is not a "person" within the meaning of § 1983); Lavia v. Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000) ("Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth"). Therefore, Plaintiff's § 1983 claims against the DOC should be dismissed.

The DOC is also entitled to immunity under the Eleventh Amendment as to these claims. The Eleventh Amendment generally precludes private individuals from bringing suit against a state, or one of its agencies, in federal court. Sheffer v. Centre Cnty., No. 4:18-cv-2080, 2019 WL 2621836, at *4 (M.D. Pa. May 23, 2019) (citing U.S. Const. Amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984)). This is a jurisdictional bar, which applies regardless of the relief sought, including claims brought in equity. Id. (citing Pennhurst, 465 U.S. at 100). Such immunity is not absolute, however, and is "subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002).

As an executive department of the Commonwealth, the DOC shares in the Commonwealth of Pennsylvania's Eleventh Amendment immunity. Lavia, 224 F.3d at 195. Moreover, none of the exceptions apply. "The Commonwealth of Pennsylvania has not waived its immunity in § 1983 civil rights cases (42 Pa. C.S.A. § 8521) and Congress did not abrogate state immunity in general in enacting civil rights legislation, including § 1983." O' Hara v. Ind. Univ. of Pa., 171 F.

5

Supp. 2d 490, 495 (W.D. Pa. 2001). For these reasons, the Court should grant the Motion to Dismiss Plaintiff's Eighth and Fourteenth Amendment claims against the DOC.

### b. Claims against Wetzel

#### (1) Lack of personal involvement

Defendants also argue that Plaintiff's Section 1983 claims against Wetzel should be dismissed because Plaintiff does not sufficiently plead Wetzel's personal involvement in any underlying wrong. ECF No. 21 at 6.

In response, Plaintiff argues that Defendants are personally involved because they are responsible for the policy at issue in his Complaint. ECF No. 32.

Upon review, the Court should not grant the Motion to Dismiss on this basis. Wetzel is sued in his official, rather than individual, capacity. ECF No. 5 ¶ 4. While the United States Court of Appeals for the Third Circuit held in Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) that *individual liability* attaches under Section 1983 based on "personal involvement in the alleged wrongs," the court in that case did not address official capacity liability. For claims seeking injunctive or declaratory relief against an individual in his official capacity, as here, courts in this Circuit have held that "[c]laims for prospective injunctive relief are permissible provided the official against whom the relief is sought has 'a direct connection to, or responsibility for, the alleged illegal action.'" Victorious v. Lanigan, No. 15-6949, 2016 WL 2981759, at *6 n. 8 (D.N.J. May 23, 2016) (quoting Nichols v. New Jersey, No. 2:14-03821, 2014 WL 3694149, at *3 (D.N.J. July 23, 2014)) (additional citations omitted).

In his Complaint, Plaintiff claims that Wetzel is in charge of authorizing and upholding the medical and drug treatment policies at issue in his claims. ECF No. 5 ¶ 4. Plaintiff therefore

sufficiently pleads that Wetzel has a direct connection to, or is responsible for, the alleged illegal actions. Thus, the Motion to Dismiss should be denied on this basis.

## (2) Failure to state an Eighth Amendment claim

Defendants also argue that Plaintiff fails to state an Eighth Amendment claim against Wetzel. ECF No. 21 at 7. In particular, Defendants argue that Plaintiff was evaluated and treated for his substance abuse disorder, and that courts have routinely held that the exercise by a doctor of his professional judgment does not constitute deliberate indifference under the Eighth Amendment. Id. at 7-8. Defendants also argue that Wetzel was not personally involved in Plaintiff's medical care. Id. at 8.

In response, Plaintiff argues that, pursuant to DOC policy, Defendants intentionally denied him the same treatment for a disorder that is available to inmates incarcerated after 2019. ECF No. 25 at 1. While prison medical officials enjoy deference in deciding the proper course of treatment, he argues, he was not evaluated by a doctor relative to this decision. Id. at 2. Plaintiff argues that Defendants' conduct constitutes deliberate indifference because Defendants know about his disorder but refuse him available medical treatment; he cannot receive MAT until he receives a release date, so any such treatment is delayed; and Defendants know how critical treatment is, given that they have employed a specialist for incoming inmates. Id.

To establish an Eighth Amendment deliberate indifference claim, Plaintiff must show (1) a serious medical need; and (2) deliberate indifference on the part of the prison officials to that serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cnty. Corr. Facil., 318 F.3d 575, 582 (3d Cir. 2003); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

Upon review, the Motion to Dismiss should be denied as to Plaintiff's Eighth Amendment claim. While, as Defendants argue, mere disagreement with a medical professional's judgment does not violate the Eighth Amendment:

> Implicit in this deference to prison medical authorities is the assumption that such an informed judgment has, in fact, been made. When, however, prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment, the constitutional standard . . . has been violated.

Inmates v. Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 2014); see also ECF No. 21 at 8 (citing this case).

Here, Plaintiff does not that claim that a medical professional at the DOC ever made an informed judgment or evaluated his condition. Instead, Plaintiff claims that his treatment is based upon a blanket policy, which does not consider his individual needs. Therefore, the Motion to Dismiss should be denied on this basis at this early stage of the case.

### 2. Pennsylvania Constitutional Claim

Plaintiff also claims that Defendants violated Article 1 § 13 of the Pennsylvania Constitution. This section provides: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." PA. CONST. art. I § 13.

In support of the Motion to Dismiss, Defendants argue this claim should be dismissed because Plaintiff does not specifically plead which Defendants violated this section, or how they allegedly did so. ECF No. 21 at 4. They also argue that state-law sovereign immunity bars any state law claims against the officials and employees of the Commonwealth acting within the scope of their duties. Id. Finally, Defendants argue that there is no private cause of action for violations

of the Pennsylvania Constitution. Id. at 9-10 (citing Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App'x 681 (3d Cir. 2011)).

In response, Plaintiff argues that Defendants violated Article I § 13 by failing to provide adequate and necessary medical treatment for a disorder that is recognized by the ADA and Centers for Disease Control ("CDC"). ECF No. 25 at 1. He asserts that substance use disorder and opioid use disorder are not curable and cause mental and physical handicaps. Id. Plaintiff does not specifically address Defendants' arguments on sovereign immunity or whether he can bring a private cause of action for violating the Pennsylvania Constitution.

Upon review, the Court should not dismiss Plaintiff's claim under the Pennsylvania Constitution. As to Defendants' first argument, the Court disagrees that there is no indication of which Defendants violated the Pennsylvania Constitution or how they did it. In his Complaint, Plaintiff pleads that both Defendants violated Article I § 13 by instituting policies that prevent him from receiving necessary medical care for his substance use disorder. Defendants do not substantively brief why these allegations, as pleaded, arguably fail to state a claim under the Pennsylvania Constitution—particularly considering the liberal construction afforded to *pro se* pleadings. As a result, the Court should not dismiss Plaintiff's claim on this ground.

Second, Defendants argue that Plaintiff cannot bring a private cause of action under the Pennsylvania Constitution. In support of this argument, Defendants rely on the United States Court of Appeals for the Third Circuit's decision in Pocono Mountain. While the court in that case held there is no private cause of action for damages under the Pennsylvania Constitution, it stated that equitable remedies are available. Pocono Mountain Charter Sch., 442 F. App'x at 687-88 ("Although monetary relief is barred for claims under the Pennsylvania Constitution, equitable

remedies are available."). Because Plaintiff requests declaratory and injunctive relief, his claim should not be dismissed on this basis.

Third, Defendants argue that sovereign immunity bars state law claims against officials and employees of the Commonwealth acting within the scope of their duties. Under this doctrine, "[g]enerally, the Commonwealth and its agencies, officials and employees acting within the scope of their duties are immune from suits for damages." Stackhouse v. Com., Pa. State Police, 892 A.2d 54, 58 (Pa. Cmwlth. 2006) (citing 1 Pa. C.S. § 2310). However, sovereign immunity does not bar certain suits in equity, and Plaintiff seeks injunctive and declaratory relief. See id. at 59. Because Defendants also do not substantively brief this issue for the Court, the Motion to Dismiss should be denied at this stage relative to the Pennsylvania Constitution claim.

   3. **ADA claim**

      a. **Eleventh Amendment immunity (as to DOC)**

Plaintiff also brings a claim against the DOC and Wetzel, in his official capacity, under the Title II of the ADA. As to the DOC, Defendants first argue that all claims against them should be dismissed because they enjoy Eleventh Amendment immunity.[4] ECF No. 21 at 4. Plaintiff does not specifically address this argument.

While the DOC shares in the Commonwealth's immunity, as discussed, this immunity is not absolute and may be abrogated by an Act of Congress. To determine whether such immunity has been abrogated, the Court considers "first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid

---

[4] It is not clear to the Court whether Defendants intended to limit their Eleventh Amendment immunity argument to Plaintiff's Section 1983 claims. Defendants only raise this argument in the context of discussing Plaintiff's Section 1983 claims, and in their Reply, Defendants suggest that the ADA claim against Wetzel in his official capacity is redundant of his claim against the DOC—implying that his ADA claim against the DOC may proceed. ECF No. 21 at 4; ECF No. 29 at 2. At the same time, however, Defendants broadly state that the "Department of Corrections should be dismissed" from this action based on Eleventh Amendment immunity. ECF No. 21 at 4. Therefore, the Court will address this argument as to Plaintiff's ADA claim.

grant of constitutional authority." Tennessee v. Lane, 541 U.S. 509, 517 (2004) (quoting Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72 (2000)); see also Nev. Dept. of Hum. Res. v. Hibbs, 538 U.S. 721, 726 (2003).

The first element is satisfied here. "Congress unequivocally expressed its intent to abrogate sovereign immunity for claims brought under Title II of the ADA." Geness v. Admin. Off. of Pa. Courts, 974 F.3d 263, 270 (3d Cir. 2020) (citing United States v. Georgia, 546 U.S. 151, 154 (2006) (quoting 42 U.S.C. § 12202, which states "a State shall not be immune under the eleventh amendment to the Constitution of the United States from an action . . . for a violation of this chapter.").

In considering whether the second element is satisfied, "courts analyzing whether Congress validly abrogated sovereign immunity for a Title II claim against a state or state entity must conduct a 'claim-by-claim' analysis." Id. (citing Georgia, 546 U.S. at 159). This analysis involves a three-part test: "(1) which aspects of the States' alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." Id. (quoting Georgia, 546 U.S. at 159).

Upon review, the Court should not grant the Motion to Dismiss on this basis. Although Defendants broadly assert that the DOC is entitled to Eleventh Amendment immunity, they do not substantively brief whether such immunity applies relative to Plaintiff's ADA claim, and do not address this three-part test. Defendants therefore do not establish the DOC enjoys Eleventh Amendment immunity relative to Plaintiff's ADA claim, and the Motion to Dismiss should be denied on this basis.

### b. Individual liability (as to Wetzel)

Defendants also argue that Plaintiff cannot bring an ADA claim against Wetzel, because individual public actors are not liable under Title II of the ADA. ECF No. 21 at 10. Although "individual defendants, sued in their *individual capacities*, are not liable under Title II because they are not 'public entities' within the meaning of the ADA," this does not apply to claims against individuals in their official capacities. Wojnarowski v. Wetzel, No. 19-174, 2020 WL 8513503, at *10 (W.D. Pa. Nov. 10, 2020); Dews v. Link, No. 18-4285, 2021 WL 2223795, at *2-3 (E.D. Pa. June 2, 2021). Because Wetzel is sued in his official capacity, the Motion to Dismiss should be denied on this basis.[5]

### c. Failure to state a claim

Finally, Defendants also argue that Plaintiff fails to state an ADA claim. Plaintiff pleads a claim under Title II of the ADA. Title II prohibits discrimination by public entities, including state prisons. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-09 (1996). To state a claim, Plaintiff must sufficiently plead that "(1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." Geness, 974 F.3d at 273 (citing Geness v. Cox, 902 F.3d 344, 361 (3d Cir. 2018); 42 U.S.C § 12132).

---

[5] Defendants suggest in their Reply that Plaintiff's ADA claim against Wetzel should also be dismissed because it is duplicative of Plaintiff's clam against the DOC. ECF No. 29 at 2 (citing Powell v. Wetzel, No. 1:12-cv-02455, 2015 WL 1513888, at *2 (M.D. Pa. Mar. 27, 2015) for the proposition that "district courts routinely dismiss 'redundant … claims asserted against public officers in their official capacities' when the public employer is also a defendant"). Because Defendants do not raise this argument in their underlying Motion to Dismiss, the Court does not consider it here. The Court also notes that Defendants have argued that Plaintiff's ADA claim against the DOC may be barred under the Eleventh Amendment. Because the Court does not reach that issue here, for the reasons discussed, it would be premature to conclude that Plaintiff's ADA claim against Wetzel is duplicative.

In support of the Motion to Dismiss, Defendants argue that Plaintiff does not state a claim under Title II of the ADA because "an offer of a form of therapy" is a "reasonable accommodation." Id. at 10.

In response, Plaintiff argues that he sufficiently pleads an ADA claim because he is a qualified individual with a disability based on his substance use disorder; he qualifies for the same treatment provided to incarcerated after 2019; he was excluded from receiving these benefits as a result of the DOC's policy; and this resulted from his disability because Defendants have refused treatment for his disorder based on ignorance of the disorder. ECF No. 25 at 4-5.

Upon review, Defendants do not establish that Plaintiff fails to state a claim. Defendants proffer no substantive argument to support the conclusion that talk therapy is a "reasonable accommodation," or why this arguably precludes Plaintiff's ADA claim. This is insufficient to satisfy Defendants' burden at this stage. For these reasons, the Motion to Dismiss should be denied relative to Plaintiff's ADA claim.

### D. CONCLUSION

For these reasons, the Court should grant in part and deny in part Defendants' Motion to Dismiss, ECF No. 20.

The Court should grant the Motion to Dismiss relative to Plaintiff's Eighth and Fourteenth Amendment claims against the DOC. These claims should be dismissed with prejudice, without leave to amend. "If a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cty of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). For the reasons discussed, the factual averments do not suggest any basis for the existence of a viable claim under 42 U.S.C. § 1983 against the DOC.

13

The Motion to Dismiss should otherwise be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: September 22, 2021

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Stephanie L. Haines,
United States District Judge

Keenan McMillen
NN-1524
SCI Houtzdale
Box 1000
Houtzdale, PA 16698

All counsel of record via CM/ECF.